ALMON, Justice.
Combined Insurance Company (Combined) seeks writs of mandamus compelling the Circuit Court of Mobile County either to dismiss two pending actions for improper venue or to transfer the actions out of Mobile County.
In 1993, the plaintiffs Tim Saint and Jerry Cross separately purchased accidental hospitalization indemnity insurance policies issued by Combined through its agent Mack Pyle. According to these plaintiffs, Pyle represented to them that the policies would provide coverage for hospitalization resulting from either sickness or accident, for six months from the date of purchase. Each alleged that he purchased the policies based upon this representation. In truth, however, the policies covered only hospitalization due to accidental injuries. Both Saint and Cross were hospitalized for sickness, but were unable to recover benefits under the policies because of this limited coverage. As a result, Tim Saint and his wife, Joanette Saint, and Jerry Cross brought actions against Combined and its agent Pyle. They filed *1056 their actions in the Circuit Court of Mobile County, alleging misrepresentation; suppression; deceit; conversion; and negligent and wanton hiring, training, supervision, and retention of an agent.
Combined moved for a dismissal or a transfer to the counties of the plaintiffs’ residences, or the county of Pyle’s residence, arguing that it was a foreign corporation and that venue of these actions was improper in Mobile County. The circuit court denied the motions, and these petitions for the writ of mandamus followed.
The following facts are undisputed: The Saints are residents of Marshall County and Cross is a resident of Morgan County. Pyle is a resident of Colbert County. The Saints’ insurance contract was entered into in Marshall County, and Cross’s insurance contract was entered into in Morgan County. Combined is a foreign corporation qualified to conduct business in this state, and it appears undisputed that Combined does business in Mobile, Morgan, and Marshall Counties. The sole issue is whether venue was proper for these actions in Mobile County.
Combined argues that venue is not proper in Mobile County. Combined bases its argument on Amendment No. 473, Ala.Const. 1901, which equates domestic and foreign corporations for venue purposes:
“Any foreign corporation, whether or not such corporation has qualified to do business in this state by filing -with the secretary of state a certified copy of its articles of incorporation or association, may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation.”
See Ex parte Allen, 655 So.2d 962 (Ala.1995); Ex parte Townsend, 589 So.2d 711 (Ala.1991); Ex parte Southern Ry., 556 So.2d 1082 (Ala.1989). According to Combined, §§ 6-3-7, 6-3-5, and 6-3-2, Ala.Code 1975, make venue proper only in Marshall County, Morgan County, or Colbert County, because of Amendment No. 473.
At the outset, we note that all the allegations made by the Saints and Cross are allegations of “personal injury.”[1] Combined argues that § 6-3-7 makes venue of these two cases appropriate “in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence” — that would be Marshall County or Morgan County. § 6-3-7, Ala. Code 1975. As to the individual defendant, Mack Pyle, Combined asserts that venue is appropriate in the county of his residence, Colbert County. § 6-3-2, Ala.Code 1975. In sum, Combined argues that Amendment No. 473 has the effect of removing Mobile County as a proper venue for these actions.
On the other hand, the Saints and Cross argue that the last phrase in § 6-3-5, Ala. Code 1975, determines venue in these actions: “[A]n action against a foreign insurance corporation shall be commenced only in a county where it does business.” Specifically, they contend that this language makes venue proper in Mobile County simply because Combined does business there, notwithstanding the application of Amendment No. 473. Ala. Const. 1901. We disagree.
The proviso in § 6-3-5 that reads “provided, however, that an action against a foreign insurance corporation shall be commenced only in a county where it does business,” does not create an exception to the provisions of § 6-3-7 concerning appropriate venue for personal injury actions. Recently, in Ex parte Gauntt, 677 So.2d 204 (Ala.1996), we examined the relationship between Amendment No. 473 and §§ 6-3-5 and 6-3-7, Ala.Code 1975:
“Interpreting that proviso in § 6-3-5 as the plaintiffs do, however, would allow the very thing Amendment No. 473 prohibits: *1057 it would allow a personal injury action against a foreign corporate insurer in any county in which that corporation did business, even though an identical personal injury action against a domestic corporate insurer could be brought only in the county where the plaintiff resides, if the corporation did business there. Accordingly, this Court holds that § 6-3-5 makes venue proper in the county of the plaintiffs residence, if the defendant insurance company is ‘doing business’ there, as defined by § 6-3-5(b).”
Gauntt, 677 So.2d at 213. Moreover, Amendment No. 473 affects § 6-3-7, Ala. Code 1975, so that the language concerning personal injury actions against domestic corporations applies to personal injury actions against foreign corporations as well:
“By virtue of Amendment No. 473, the last part of § 6-3-7, providing ‘that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business in the county of the plaintiffs residence,’ also.applies to actions brought against foreign corporate defendants.”
Gauntt, 677 So.2d at 213. Thus, on the basis of Gauntt, we must hold that as to each of these actions venue is proper in the county where the injuries occurred, or in the county where the plaintiff or plaintiffs reside, provided that Combined does business by agent in those counties.[2] §§ 6-3-5, 6-3-7, Ala. Code 1975. Because the injuries did not occur in Mobile County, and because the plaintiffs do not reside in Mobile County, Combined had a clear right to have the actions transferred.
1941935 — WRIT GRANTED.
1941936 — WRIT GRANTED.
INGRAM and BUTTS, JJ., concur.
HOOPER, C.J., and HOUSTON, J., concur in the result.

. Fraud actions are personal injury actions. Ex parte Sierra Development, Inc., 652 So.2d 251, 253 (Ala.1994); Ex parte TranSouth Financial Corp., 608 So.2d 385, 386 (Ala.1992). Actions based on negligent and wanton conduct are also personal injury actions. Ex parte Lashley, 596 So.2d 890, 892 (Ala.1992). Although Combined states in its briefs that the plaintiffs’ complaints may "attempt to” allege breach of contract claims, our review of the complaints and of the plaintiffs' briefs filed in response to these petitions reveals no such allegations. Hence, we will not consider Combined's argument that § 6-3-5, Ala.Code 1975, exclusively governs breach of contract actions based on insurance policies. But see Ex parte Gauntt, infra.

. Venue as to the individual defendant, Pyle, is appropriate in the county of appropriate venue for the corporate defendant. Combined. See Louisville & N.R.R. v. Strickland, 219 Ala. 581, 122 So. 693 (1929); Alabama Power Co. v. Smith, 273 Ala. 509, 142 So.2d 228 (1962); Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663 (1906).