State Farm Insurance Companies and Billy Jack Mitchell, Christy Thompson, and Felicia Mitchell, employees of State Farm, petition for a writ of mandamus directing Judge Drayton N. James of the Jefferson Circuit Court to transfer an action from Jefferson County to DeKalb County.
Claudene and Herman Kindred filed a wrongful death action after their son was killed in an automobile accident. They sued Dena Wooten, the driver of a motor vehicle involved in the accident. The Kindreds also filed an underinsured motorist claim against their insurer, State Farm.
The Kindreds owned three cars when they applied for automobile insurance with Billy Jack Mitchell, a State Farm agent. When the Kindreds bought their insurance, they signed a waiver that allowed them to save money on their premiums by surrendering the ability to stack the uninsured/underinsured motorist coverage on each of their vehicles.
On January 5, 1996, the Kindreds filed the underlying action against the petitioners, alleging that the petitioners had fraudulently induced them to sign the stacking waiver, which in effect reduced their uninsured/underinsured motorist coverage from $75,000 to $25,000. On March 11, 1996, the Kindreds amended their complaint to add a count alleging breach of contract.
On February 15, 1996, before the Kindreds amended their complaint, State Farm moved to transfer this case from Jefferson County *Page 358 
to DeKalb County. On February 20, 1996, the other petitioners joined State Farm's motion to transfer. Judge James granted the motion to transfer, but he later withdrew his transfer order.
The petitioners also filed a motion to transfer under the provisions of § 6-3-21.1, Ala. Code 1975 (forum non conveniens). Judge James also denied this motion.
Mandamus is a drastic and extraordinary writ, and certain criteria must be met before a writ of mandamus will be issued. A writ of mandamus will be issued only when there is (1) a clear legal right in the petitioner to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) lack of another adequate remedy; and (4) properly invoked jurisdiction of this court. Ex parteBen-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990).
For this Court to issue a writ of mandamus, the petitioners must show that they have a clear legal right to the relief sought. The petitioners contend that venue is improper in Jefferson County because, they say, this was an action against an insurance corporation for personal injuries; they argue that § 6-3-5, Ala. Code 1975, therefore, applies. That section prescribes venue for actions against insurance companies, as follows:
 "Any person, firm or corporation that issues policies or certificates of insurance of any kind shall be subject to a civil action on such policy or certificate in the county where the holder of the policy or certificate resides . . .; provided, however, that an action against a foreign insurance corporation shall be commenced only in a county where it does business."
Section 6-3-7, Ala. Code 1975, establishes the general venue law for corporations as follows:
 "A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
This Court has held that the question of proper venue is determined at the commencement of the action. See Ex parteParker, 413 So.2d 1105 (Ala. 1982); Ex parte Wilson,408 So.2d 94 (Ala. 1981); Ala.R.Civ.P. 82(d)(1). It is clear that the Kindreds' action was commenced as a fraud action,[1] which, for purposes of venue law, is a "personal injury" action. See Exparte Sierra Development, Inc., 652 So.2d 251, 253 (Ala. 1994).
The undisputed facts show that the Kindreds, Billy Jack Mitchell, Christy Thompson, and Felicia Mitchell are residents of DeKalb County and that all transactions relating to the sale of the policy occurred in DeKalb County. Consequently, under § 6-3-5, which states that venue for actions against insurance corporations is proper "in the county where the holder of the policy . . . resides," and under § 6-3-7, which states that a "personal injury" action against a domestic corporation is proper in the county where the injury occurred or in the county where the plaintiff resides if the defendant corporation does business by agent there, venue would be proper in DeKalb County. Ex parte Combined Insurance Co., 678 So.2d 1055 (Ala. 1996). Because the "injuries" did not occur in Jefferson County and because the plaintiffs do not reside in Jefferson County, venue is improper in Jefferson County; therefore, the trial judge should have transferred the action.
We also conclude that even had venue been proper in Jefferson County, the case should have been transferred under the doctrine of forum non conveniens. In Ex parte New EnglandMutual Life Insurance Co., *Page 359 663 So.2d 952 (Ala. 1995), this Court stated that "[t]he purpose of the doctrine is to prevent the waste of time, energy, and money and also to protect witnesses, litigants, and the public against unnecessary expense and inconvenience." See also Ex parte Townsend, 589 So.2d 711, 714 (Ala. 1991). All of the parties to the action reside in DeKalb County or do business there. The injuries arose in DeKalb County. It appears from the circumstances that DeKalb County is a significantly more convenient forum than Jefferson County.
Because the petitioners have a clear legal right to have the action transferred to DeKalb County, the writ is due to be granted.
WRIT GRANTED.
HOOPER, C.J., and SHORES, HOUSTON, COOK, and SEE, JJ., concur.
[1] After the petitioners moved to transfer the action from Jefferson County to DeKalb County, the Kindreds added a claim alleging breach of contract. Because proper venue is determined at the time the complaint is filed, we will consider only the fraud claim for purposes of determining proper venue.