Alabama Great Southern Railroad Company ("AGS") and Norfolk Southern Railway Company ("Norfolk Southern"), the defendants in an action pending in the Greene Circuit Court, petition for a writ of mandamus directing the circuit court to vacate its order denying AGS's motion to transfer the action to the Jefferson Circuit Court, pursuant to § 6-3-7, Ala. Code 1975, the statute relating to venue for actions against corporations, and § 6-3-21.1, Ala. Code 1975, the forum nonconveniens statute. Because the facts of this case clearly show that under § 6-3-7 Greene County is not a proper venue for this action, we grant the petition as to AGS. Only AGS moved to dismiss or to transfer the action. The circuit court's order references only AGS's motion and denies only AGS's motion. We deny the mandamus petition insofar as it relates to Norfolk Southern, because as to that defendant there is no basis for a writ. See Ex parte National Sec. Ins. Co., 727 So.2d 788, 789
(Ala. 1998) ("The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.").
On August 23, 1999, Roger M. Carreker sued AGS, seeking relief under the Federal Employers' Liability Act, 45 U.S.C. § 51 to 60. Carreker later amended his complaint to add Norfolk Southern as a defendant.[1] *Page 888 
Carreker's amended complaint alleges that he was "employed by the Defendant as a machine operator working at various locations owned and maintained by [AGS], including [for] a significant period of time at or near Eutaw, Alabama where Plaintiff first experienced significant discomfort in and about his neck, back and hands." On March 12, 1999, and for some time before that date, Carreker alleges, "he was subjected to numerous and constant stresses from vibration, jarring, bouncing and being thrown about the equipment he was operating at or near Eutaw, Alabama and various other locations owned and operated by the Defendant."[2] Specifically, he asserts that he has "suffered severe and permanent injury and damage to his neck, back and hands in the form of osteoarthritis and carpal tunnel syndrome." Carreker filed his complaint in the Circuit Court of Greene County.
On October 14, 1999, AGS moved to dismiss the action, or, in the alternative, to transfer it to the Circuit Court of Jefferson County, on the grounds that Greene County was not a proper venue or, in the alternative, on the grounds that the action was subject to transfer pursuant to the doctrine of forum non conveniens.
The trial court, concluding that AGS had failed to show that Jefferson County was a "significantly more convenient forum" than Greene County, denied AGS's motion. The trial court's order did not address the improper-venue aspect of AGS's motion.
In their petition to this Court, AGS and Norfolk Southern argue that, under § 6-3-7, Ala. Code 1975, venue is improper in Greene County and that the trial court therefore erred in denying AGS's motion to dismiss or transfer; in the alternative, they argue that the trial court abused its discretion in refusing to transfer the action under § 6-3-21.1
for the convenience of the parties and witnesses and in the interest of justice.
The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1999) (citing Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302
(Ala. 1986)).
 "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). When this Court considers a mandamus petition concerning a venue ruling, "our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner." Id. Our review is further limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So.2d at 789; Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala. 1995).
Section 6-3-7, Ala. Code 1975, the statute prescribing venue for actions against corporate defendants, was amended by the Alabama Legislature effective July 24, 1999.[3] The statute, as amended, reads, in pertinent part: *Page 889 
 "(a) All civil actions against corporations may be brought in any of the following counties:
 "(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, . . .; or
 "(2) In the county of the corporation's principal office in this state; or
 "(3) In the county in which the plaintiff resided . . . at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or
 "(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action."
Ala. Code 1975, § 6-3-7 (Supp. 1999) (emphasis added). With regard to statutory construction, this Court has stated that ". . . where plain language is used a court is bound to interpret that language to mean exactly what it says," and that "[i]f the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect." BlueCross Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala. 1998).
AGS and Norfolk Southern argue that Greene County is not a proper venue, under subsection (a)(1), because, they say, "a substantial part of the events or omissions giving rise to" Carreker's claim, specifically his alleged injuries, did not occur in Greene County. Carreker counters by arguing that Greene County is a proper venue because, he says, he first experienced discomfort to his neck, back, and hands while working for AGS and Norfolk Southern at or near Eutaw, which is in Greene County. "In personal injury actions where the defendant's wrongful act or omission causes bodily harm to the plaintiff, the injury occurs in the county where the bodily harm occurs." Ex parte Graham, 634 So.2d 994,997 (Ala. 1993).
AGS and Norfolk Southern contend that because Carreker's alleged injuries are occupational in nature, they arise out of the cumulative effect of Carreker's job requirements throughout his 21-year career with the railroad. Because Carreker's job with the railroad sent him to various counties throughout Alabama, AGS and Norfolk Southern argue that Carreker has failed to show that "a substantial part of the events or omissions" giving rise to his alleged injuries occurred in Greene County. Ala. Code § 6-3-7(a)(1) (Supp. 1999). We agree with AGS and Norfolk Southern.
AGS presented substantial evidence indicating that the majority of Carreker's working time during his career with the railroad was not spent in Greene County and that the work he performed in Greene County would not have been significantly different in kind from that which he performed in the numerous other locations in which he worked.[4] *Page 890 
In support of his argument that Greene County is a proper venue under subsection (a)(1), Carreker states that "much of the rigorous type work that was required of [him] was performed in Greene County," that he first had "noticeable symptoms of [his] injury" in Greene County, and that his first "significant discomfort" began in Greene County. However, Carreker also concedes, in an affidavit, that he worked in Greene County "for several weeks." He admits in his answers to AGS's interrogatories that "[t]here was no incident on March 12, 1999 that caused [his] injuries," that his alleged injuries are "occupational in nature," and that they arose from his work over a period of time. Carreker simply has not demonstrated that subsection (a)(1) applies to his case. Accordingly, because his claim is based on allegations of occupational injury and because he has failed to show that a substantial part of the events or omissions giving rise to his claimed injuries occurred in Greene County, that county was not a proper venue under § 6-3-7(a)(1).[5]
Greene County also was not a proper venue under § 6-3-7(a)(2) and (3), Ala. Code 1975, which allow an action in the county of a defendant corporation's principal state office and in the county of the plaintiff's residence, respectively. It is undisputed that the Alabama Divisions of AGS and Norfolk Southern are both headquartered in Jefferson County, not Greene County. It is further undisputed that Carreker is a resident of St. Clair County, not Greene County. Therefore, under § 6-3-7(a)(2) and (3), Ala. Code 1975, Greene County is not a proper venue for this action
Finally, subsection (4) of § 6-3-7(a) provides that if none of the subsections (1), (2) or (3) applies, then a civil action against a corporation may be brought "in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action." Subsection (4) is, therefore, inapplicable to this case because there are at least two counties that would be proper venues, namely, Jefferson County and St. Clair County, under § 6-3-7(a)(2) and (3).
Therefore, we hold that the trial court abused its discretion in denying AGS's motion to transfer this action; it is directed to transfer the action insofar as it relates to AGS, pursuant to the statute governing venue of actions against corporations, § 6-3-7, Ala. Code 1975.[6] Accordingly, we grant the petition for the writ of mandamus, insofar as it relates to AGS. Insofar as it relates to Norfolk Southern, the petition is denied.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED. *Page 891 
Hooper, C.J., and Houston, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] It is undisputed that AGS is a wholly owned subsidiary of Norfolk Southern.
[2] In Carreker's subsequent answers to interrogatories from AGS, he makes it clear that he is claiming an occupational injury and that he sustained no injury on March 12, 1999.
[3] The amended statute governs this case because Carreker commenced this action on August 23, 1999. See Code Commissioner's Notes to §6-3-7, Ala. Code 1975 ("Act 99-249, which amends this section, provides in § 4: `This act shall apply to all civil actions commenced or filed after the effective date of this act.' The effective date of Act 99-249 is July 24, 1999.").
[4] AGS, in support of its motion to transfer for improper venue, offered the affidavits of J.P. Thomas, R.R. Pressley, and M.K. Monroe. J.P. Thomas is a division engineer, Maintenance of Way Department of the Alabama Division of Norfolk Southern, and he was Carreker's highest-level supervisor for many years. R.R. Pressley is an assistant division engineer, Maintenance of Way Department of the Alabama Division of Norfolk Southern. One of his duties is scheduling the jobs to be performed by machine operators such as Carreker. M.K. Monroe is a track supervisor in the Maintenance of Way Department of the Alabama Division of Norfolk Southern. He asserted in his affidavit that the nature of Carreker's job was such that his job site was "almost constantly changing from week to week." All three men stated that the great majority of Carreker's working time would not have been spent in Greene County and that the work he performed while in Greene County would not have been significantly different in kind from that which he performed in the numerous other locations in which he worked.
[5] We note that on April 3, 1995, Carreker filed an occupational-hearing-loss case against Norfolk Southern in Jefferson County. Carreker v. Norfolk Southern Ry., (CV-95-242, Circuit Court of Jefferson County). In that case, Carreker also alleged that he had been employed by the railroad in the capacity of a machine operator since 1978 and that he was injured as a result of his daily use of machines.
[6] Because we grant AGS's petition for the writ of mandamus on the ground of improper venue, we pretermit discussion of its alternative ground — the statutory forum non conveniens provisions.