815 So.2d 532 (2001)
Ex parte Grady L. PRATT et al.
(Re Grady L. Pratt et al. v. WestPoint Stevens, Inc.)
1000535.
Supreme Court of Alabama.
September 14, 2001.
*533 J. Gusty Yearout and Deborah S. Braden of Yearout, Myers & Traylor, P.C., Birmingham; and M. Clay Ragsdale IV and M. Stan Herring of Law Offices of M. Clay Ragsdale, Birmingham, for petitioners.
John M. Johnson and W. Larkin Radney IV of Lightfoot, Franklin & White, L.L.C., Birmingham, for respondent.
STUART, Justice.
Grady L. Pratt and others, the plaintiffs in an action filed in the Macon Circuit Court, petition for a writ of mandamus directing Judge Howard F. Bryan to vacate his order transferring the action to the Lee Circuit Court. We grant the petition and issue the writ.

Facts and Procedural History
The plaintiffs, Grady L. Pratt, Al Redding, Joyce Webster Dennis, Louis B. Pratt, H.L. Adkins, and W.G. Newman (hereinafter collectively referred to as "Pratt"), own real property located in Tallapoosa County and Macon County; that property is bordered by Saugahatchee Creek and is located downstream from a textile plant operated by WestPoint Stevens. All of the plaintiffs, except Dennis, are residents of Macon County. Dennis resides in Tallapoosa County. In August 1999, Pratt filed an action in the Macon Circuit Court, alleging trespass, nuisance, negligence and wantonness, and strict liability against WestPoint Stevens. The complaint alleges that WestPoint Stevens releases dyes and chemicals into Saugahatchee Creek and that those dyes and chemicals have caused harm to the plaintiffs' real property located on Saugahatchee Creek.
In November 1999, WestPoint Stevens moved to transfer the case to the Lee Circuit Court on the ground that venue in Macon County was not proper as to all the plaintiffs. The Macon Circuit Court granted WestPoint Stevens's motion.
The circuit court's order transferring the case to Lee County stated, in pertinent part:
"1. Venue in this action is governed by Ala.Code [1975], Section 6-3-7, as recently amended. Under the new venue statute, venue in a tort action against a corporation is proper only in 1) the county where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the real property at issue is located, 2) in the county of the corporation's principal office in the state, or 3) in the county in which the plaintiff resided when the cause of action accrued. Ala.Code [1975,] § 6-3-7(a).
"2. The new venue law also mandates that venue must be proper as to all named plaintiffs, unless exceptions apply. Ala.Code [1975,] § 6-3-7(c).
"3. Most, but not all, of the property at issue in this case is located in Tallapoosa County. The plaintiffs reside in both Macon County and Tallapoosa County. All of the `events or omissions' of which the plaintiffs complain occurred in Lee County.
"4. Because the property at issue is not located in Macon County and not all of the plaintiffs live in Macon County, *534 venue is not proper in Macon County as to all plaintiffs as required by Ala.Code [1975,] Section 6-3-7(c). The only venue that is proper as to each and every plaintiff is Lee County, where all of the `events or omissions' identified in the Plaintiffs' Complaint are alleged to have occurred.
"5. Ala.Code [1975,] Section 6-3-7[,] represents a clear legislative preference for adjudicating claims in a venue that is proper to all plaintiffs. Because Lee County is a proper venue for all plaintiffs in this action, and because the plaintiffs will not be unduly prejudiced or inconvenienced by litigating their claims in that nearby venue, it is hereby
"ORDERED, ADJUDGED AND DECREED that WestPoint Stevens's Motion to Transfer Venue [to Lee County] be and hereby is GRANTED."
(Pratt's petition, Exhibit E.) Pratt filed a motion to reconsider the order transferring the case to Lee County; the circuit court denied that motion. Shortly thereafter, Pratt petitioned this Court for a writ of mandamus directing the Macon Circuit Court to vacate its order transferring the case to Lee County.
Standard of Review
"The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1999)(citing Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986)).
"`Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'
"Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). When this Court considers a mandamus petition concerning a venue ruling, `our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.' Id. Our review is further limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So.2d at 789; Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala.1995)."
Ex parte Alabama Great Southern R.R. & Norfolk Southern Ry., 788 So.2d 886, 888 (Ala.2000).

Analysis
The question of proper venue for an action is determined at the commencement of the action. Ex parte Mitchell, 690 So.2d 356 (Ala.1997); see also Rule 82(d)(1), Ala.R.Civ.P.
Section 6-3-7, Ala.Code 1975,[1] governs venue for actions against corporate defendants. That section provides:
"(a) All civil actions against corporations may be brought in any of the following counties:
"(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
"(2) In the county of the corporation's principal office in this state; or

*535 "(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence;...
". . . .
"(c) Anything to the contrary in Rule 82(c) of the Alabama Rules of Civil Procedure notwithstanding, in any action against a corporation, venue must be proper as to each and every named plaintiff joined in the action, unless the plaintiffs shall establish that they assert any right to relief jointly, severally, or arising out of the same transaction or occurrence and that the existence of a substantial number of questions of law or material fact common to all those persons not only will arise in the action, but also: (1) that such questions will predominate over individualized questions pertaining to each plaintiff; (2) the action can be maintained more efficiently and economically for all parties than if prosecuted separately; and (3) that the interest of justice supports the joinder of the parties as plaintiffs in one action. If venue is improper for any plaintiff joined in the action, then the claim of any such plaintiff shall be severed and transferred to a court where venue is proper. In the event severance and transfer is mandated and venue is appropriate in more than one court, a defendant sued alone or multiple defendants, by unanimous agreement, shall have the right to select such other court to which the action shall be transferred...."
Principles of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous. Ex parte Alabama Great Southern R.R., supra, 788 So.2d at 889, quoting Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998).
Pratt contends that venue for the action was proper in Macon County pursuant to § 6-3-7(a)(3), Ala.Code 1975, because all but one of the named plaintiffs reside in Macon County and because the plaintiffs have met the criteria set out in § 6-3-7(c), Ala.Code 1975.
WestPoint Stevens contends that § 6-3-7, Ala.Code 1975, requires that venue be proper as to all the named plaintiffs.[2] WestPoint Stevens reasons that § 6-3-7(c) mandates that if venue in a particular county is not proper as to all plaintiffs, then the case must be transferred to a county where venue is proper as to all plaintiffs. WestPoint Stevens further argues that the criteria provided in § 6-3-7(c) apply only in a situation where no venue is proper as to all of the named plaintiffs.
To adopt WestPoint Stevens's interpretation of § 6-3-7(c), this Court would have to disregard the plain language of the statute and treat a portion of subsection (c) as a nullity. The statute clearly states that "venue must be proper as to each and every named plaintiff joined in the action, unless the plaintiffs establish" the stated criteria. The dependent clause beginning with the word "unless" modifies the independent clause, which states that "venue must be proper as to each and very named plaintiff joined in the action." Consequently, *536 if venue in a particular county is not proper for all of the plaintiffs, but the plaintiffs establish the criteria listed in § 6-3-7(c), then venue becomes proper in that county. If, however, the plaintiffs cannot establish the criteria, then the claims of the plaintiffs as to whom venue is improper shall be severed and the case shall be transferred to a court where venue is proper.
In this case, Pratt filed the action in Macon County. All of the plaintiffs except one reside in Macon County. Pratt presented evidence, through affidavits, to establish the appropriateness of venue in Macon County with regard to the plaintiff residing in Tallapoosa County. Pratt has satisfied the criteria stated in § 6-3-7(c), Ala.Code 1975. Furthermore, the circuit court made a finding in its order addressing Pratt's motion for reconsideration that "with the exception of the degree of damage to each parcel of land there are common questions of law and fact as to each plaintiff such that judicial economy requires that the claims of the plaintiffs should not be severed." (Pratt's petition, Exhibit H.) Therefore, Pratt established the criteria to the satisfaction of the circuit court; venue in Macon County is proper in this case.

Conclusion
Pratt has met the requirements for the issuance of a writ of mandamus. The circuit court abused its discretion in granting WestPoint Stevens's motion to transfer this case. Accordingly, we direct the Macon Circuit Court to vacate its order transferring the case to Lee County.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and LYONS, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
SEE, J., concurs specially.
BROWN, J., concurs in the result.
HOUSTON, J., dissents.
SEE, Justice (concurring specially).
I concur, but I write specially to explain more fully my understanding of the Legislature's recent amendment to Ala.Code 1975, § 6-3-7, which governs the venue of actions against corporations.

Statutory Provisions
Until it was amended in 1999, § 6-3-7 provided that venue in a non-personal-injury action against a foreign or domestic corporation was proper in any county where the corporation did business by agent.[3] Rule 82(c), Ala. R. Civ. P., allowed the joinder of additional plaintiffs, regardless of whether venue was proper as to the claims of those additional plaintiffs, provided that venue was proper as to the claims of the original plaintiffs.[4]
*537 In 1999, the Legislature amended § 6-3-7[5] to provide that, "[a]nything to the contrary in Rule 82(c) of the Alabama Rules of Civil Procedure notwithstanding, in any action against a corporation, venue must be proper as to each and every named plaintiff."[6] § 6-3-7(c), Ala.Code 1975. The Legislature further provided: "If venue is improper for any plaintiff joined in the action, then the claim of any such plaintiff shall be severed and transferred to a court where venue is proper." If, however, that plaintiff proves certain conditions set out in § 6-3-7(c), then the trial court is not required to sever and transfer the claims.[7]

Burdens of Pleading and Proof
This Court has long held that a plaintiff does not bear the burden of pleading facts to establish the propriety of venue. See Ray v. Richardson, 250 Ala. 705, 710, 36 So.2d 89, 92 (1948) ("It is not even necessary to plead facts showing the proper venue even in cases where the law requires *538 the action to be prosecuted in the county where it arose or where the plaintiff resides.").[8] Instead, the party who believes that venue is improper bears the burden of pleading improper venue. See Rule 12(b), Ala. R. Civ. P.; see also 1 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 12.4 (3d ed.1996).
Once the party challenging venue has met the burden of pleading improper venue, he then has the burden of proving that venue is improper. See Ex parte Wiginton, 743 So.2d 1071, 1074 (Ala.1999) ("The burden of proof on factual issues in a venue dispute is upon the party or parties challenging venue in the forum."); see also Ex parte City of Fayette, 611 So.2d 1032, 1033 (Ala.1992) ("The burden of proving improper venue is on the party raising the issue, and on review of an order transferring or refusing to transfer a case, a writ of mandamus will not be issued except upon a clear showing of error on the part of the trial judge.").
The Legislature's amendment to § 6-3-7 does not alter any of this Court's wellsettled rules regarding the burdens of pleading and proof of improper venue. Those burdens remain on the party challenging venue. If a challenger meets both burdens, proving that venue is improper as to some plaintiffs (but not as to all plaintiffs), then the court must sever and transfer the claims as to those plaintiffs as to whom venue is improper. The amendment, however, grants those plaintiffs the opportunity to plead and to prove that the § 6-3-7(c) conditions triggering the exception to the sever-and-transfer provision apply. If they fail to plead and to prove those conditions, then the trial court has no choice but to sever the claims as to those parties and to transfer them to a county where venue is proper.

Application to This Case
WestPoint Stevens bore the burdens of pleading and proving improper venue. Under § 6-3-7(a)(3), Ala.Code 1975, venue is proper in the county of the plaintiff's residence, provided that the defendant corporation does business by agent in that county. As the main opinion points out, all but one of the plaintiffs are residents of Macon County and the remaining plaintiff is a resident of Tallapoosa County.
From the materials before this Court, it appears that WestPoint Stevens neither argued nor proved that it did not do business by agent in Macon County. Thus, because WestPoint Stevens bore the burden of proving that venue in Macon County was not proper as to the Macon County residents and because it did not prove that it did not do business by agent in Macon County, the trial court abused its discretion when it transferred to Lee County the claims of the plaintiffs who resided in Macon County.
WestPoint Stevens did, however, submit evidence, which was undisputed, that one plaintiff lives in Tallapoosa County and that, therefore, under the provisions of and § 6-3-7(a)(3), venue in Macon County is improper as to that plaintiff. Thus, the burden fell on the plaintiffs to plead and prove that the § 6-3-7(c) conditions were met to allow the court to deny severance. The main opinion states, and I agree, that the plaintiffs met their burden of pleading and proving the exception-triggering conditions of § 6-3-7(c); therefore, I agree with the main opinion that the claims of the Tallapoosa County plaintiff should not be severed and transferred.
*539 I agree that the trial court abused its discretion in transferring the plaintiffs' claims to Lee County, and I agree that the writ of mandamus should issue.
HOUSTON, Justice (dissenting).
If WestPoint Stevens, Inc., was not doing business by agent in Macon County when this cause of action arose, then the petition for the writ of mandamus must be denied.
Because we are considering a petition for a writ of mandamus, we do not have before us a full transcript upon which to base our review of the legal arguments presented. Ex parte Overstreet 748 So.2d 194, 195 n. 1 (Ala.1999). Normally, if a full transcript is not before us, we will assume that there was evidence to support the trial court's order. See Alfa Mut. Gen. Ins. Co. v. Oglesby, 711 So.2d 938, 942 (Ala.1997) ("`This court cannot assume error, nor can it presume the existence of facts to which the record is silent.'") (quoting Newman v. State, 623 So.2d 1171, 1172 (Ala.Civ.App.1993)); see also Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala.1990) ("The appellants bear the burden of ensuring that the record on appeal contains sufficient evidence to warrant reversal.").
If WestPoint Stevens was not doing business by agent in Macon County when this cause of action accrued, then this petition must be denied, without resort to Ala.Code 1975, § 6-3-7(a).[9]
Nothing in the facts or exhibits attached to the petitioners' brief indicates whether or not WestPoint Stevens was doing business by agent in Macon County when this cause of action accrued; nothing in the complaint indicates whether or not West-Point Stevens was doing business by agent in Macon County at that time; and nothing in the trial court's orders indicates whether or not WestPoint Stevens was doing business by agent in Macon County at that time.
In WestPoint Stevens's brief in support of its answer to the petition, the following appears as footnote 3:
"Ala.Code § 6-3-7(a)(2), which authorizes venue in the county of the defendant's principal office in the state, is not applicable here. WestPoint does not maintain any office in Macon County, and in fact does not concede that it even conducts business in Macon County by agent."
In a dispute over proper venue, the party challenging venue normally bears the burden of proof. Ex parte Wiginton, 743 So.2d 1071, 1074 (Ala.1999).
The petitioners have filed a petition for a writ of mandamus, which this Court can issue only if there is a clear legal right in the petitioners to the order sought. If WestPoint Stevens was not doing business in Macon County by agent when Pratt's cause of action accrued, then the petitioners do not have a clear legal right to the order sought. Ex parte Integon Corp., 672 So.2d 497 (Ala.1995).
Petitioners have the burden of showing that they have a clear legal right to a writ of mandamus. They have not done that. Therefore, I would deny the writ.
NOTES
[1] Section 6-3-7, Ala.Code 1975, was amended effective July 24, 1999. The complaint in this action was filed in August 1999; therefore, the statute as amended applies.
[2] We note that WestPoint Stevens did not take issue with the "doing business" aspect of § 6-3-7(a)(3), Ala.Code 1975.
[3] The pre-amendment version of § 6-3-7 provided:

"A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
[4] Rule 82(c), Ala. R. Civ. P., provides:

"(c) Venue Where Claim or Parties Joined. Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties."
[5] See Act No. 99-249, Ala. Acts 1999 (Reg Sess.).
[6] When the Supreme Court promulgated the Alabama Rules of Civil Procedure, many considered the adoption and amendment of those rules to be solely within the province of the Court. See 1 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 1.5 (3d ed.1996). However, Amend. No. 328, Ala. Const.1901 (the subsequently adopted Judicial Article), explicitly granted the Legislature the authority to "change a rule by statute of general application." Lyons, supra.
[7] Section 6-3-7, as amended, reads in pertinent part:

"(a) All civil actions against corporations may be brought in any of the following counties:
"(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the real property that is the subject of the action is situated; or
"(2) In the county of the corporation's principal office in this state; or
"(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or
"(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.
". . . .
"(c) Anything to the contrary in Rule 82(c) of the Alabama Rules of Civil Procedure notwithstanding, in any action against a corporation, venue must be proper as to each and every named plaintiff joined in the action, unless the plaintiffs shall establish that they assert any right to relief jointly, severally, or arising out of the same transaction or occurrence and that the existence of a substantial number of questions of law or material fact common to all those persons not only will arise in the action, but also: (1) that such questions will predominate over individualized questions pertaining to each plaintiff; (2) the action can be maintained more efficiently and economically for all parties than if prosecuted separately; and (3) that the interest of justice supports the joinder of the parties as plaintiffs in one action. If venue is improper for any plaintiff joined in the action, then the claim of any such plaintiff shall be severed and transferred to a court where venue is proper. In the event severance and transfer is mandated and venue is appropriate in more than one court, a defendant sued alone or multiple defendants, by unanimous agreement, shall have the right to select such other court to which the action shall be transferred and, where there are multiple defendants who are unable to agree upon a transferee court, the court in which the action was originally filed may transfer the action to any such other court. Transfer of the action and notice thereof shall be in accord with Section 6-3-22."
(Emphasis added.)
[8] The Alabama Rules of Civil Procedure, unlike the Federal Rules of Civil Procedure, do not require the plaintiff to plead facts establishing the jurisdiction of the trial court. See 1 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 8.11 (3d.1996).
[9] Alabama Code 1975, § 6-3-7(a)(3):

"(a) All civil actions against corporations may be brought in any of the following counties:
". . . .
"(3) In the county in which the plaintiff resided ... if such corporation does business by agent in the county of the plaintiff's residence...."