STUART, Justice.
Grady L. Pratt and others, the plaintiffs in an action filed in the Macon Circuit Court, petition for a writ of mandamus directing Judge Howard F. Bryan to vacate his order transferring the action to the Lee Circuit Court. We grant the petition and issue the writ.

Facts and Procedural History

The plaintiffs, Grady L. Pratt, A1 Red-ding, Joyce Webster Dennis, Louis B. Pratt, H.L. Adkins, and W.G. Newman (hereinafter collectively referred to as “Pratt”), own real property located in Tal-lapoosa County and Macon County; that property is bordered by Saugahatchee Creek and is located downstream from a textile plant operated by WestPoint Stevens. All of the plaintiffs, except Dennis, are residents of Macon County. Dennis resides in Tallapoosa County. In August 1999, Pratt filed an action in the Macon Circuit Court, alleging trespass, nuisance, negligence and wantonness, and strict liability against WestPoint Stevens. The complaint alleges that WestPoint Stevens releases dyes and chemicals into Saugahat-chee Creek and that those dyes and chemicals have caused harm to the plaintiffs’ real property located on Saugahatchee Creek.
In November 1999, WestPoint Stevens moved to transfer the case to the Lee Circuit Court on the ground that venue in Macon County was not proper as to all the plaintiffs. The Macon Circuit Court granted WestPoint Stevens’s motion.
The circuit court’s order transferring the case to Lee County stated, in pertinent part:
“1. Venue in this action is governed by Ala.Code [1975], Section 6-3-7, as recently amended. Under the new venue statute, venue in a tort action against a corporation is proper only in 1) the county where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the real property at issue is located, 2) in the county of the corporation’s principal office in the state, or 3) in the county in which the plaintiff resided when the cause of action accrued. Ala.Code [1975,] § 6-3-7(a).
“2. The new venue law also mandates that venue must be proper as to all named plaintiffs, unless exceptions apply. Ala.Code [1975,] § 6-3-7(e).
“3. Most, but not all, of the property at issue in this case is located in Talla-poosa County. The plaintiffs reside in both Macon County and Tallapoosa County. All of the ‘events or omissions’ of which the plaintiffs complain occurred in Lee County.
“4. Because the property at issue is not located in Macon County and not all of the plaintiffs live in Macon County, *534 verme is not proper in Macon County as to all plaintiffs as required by Ala.Code [1975,] Section 6-3-7(c). The only venue that is proper as to each and every plaintiff is Lee County, where all of the ‘events or omissions’ identified in the Plaintiffs’ Complaint are alleged to have occurred.
“5. Ala.Code [1975,] Section 6-3-7[,] represents a clear legislative preference for adjudicating claims in a venue that is proper to all plaintiffs. Because Lee County is a proper venue for all plaintiffs in this action, and because the plaintiffs will not be unduly prejudiced or inconvenienced by litigating their claims in that nearby venue, it is hereby
“ORDERED, ADJUDGED AND DECREED that WestPoint Stevens’s Motion to Transfer Venue [to Lee County] be and hereby is GRANTED.”
(Pratt’s petition, Exhibit E.) Pratt filed a motion to reconsider the order transferring the case to Lee County; the circuit court denied that motion. Shortly thereafter, Pratt petitioned this Court for a writ of mandamus directing the Macon Circuit Court to vacate its order transferring the case to Lee County.

Standard of Review

“The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1999)(eiting Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986)).
“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’
“Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). When this Court considers a mandamus petition concerning a venue ruling, ‘our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.’ Id. Our review is further limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So.2d at 789; Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala.1995).”
Ex parte Alabama Great Southern R.R. & Norfolk Southern Ry., 788 So.2d 886, 888 (Ala.2000).

Analysis

The question of proper venue for an action is determined at the commencement of the action. Ex parte Mitchell, 690 So.2d 356 (Ala.1997); see also Rule 82(d)(1), Ala.R.Civ.P.
Section 6-3-7, Ala.Code 1975,[1] governs venue for actions against corporate defendants. That section provides:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
*535 “(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence;
[[Image here]]
[[Image here]]
“(c) Anything to the contrary in Rule 82(c) of the Alabama Rules of Civil Procedure notwithstanding, in any action against a corporation, venue must be proper as to each and every named plaintiff joined in the action, unless the plaintiffs shall establish that they assert any right to relief jointly, severally, or arising out of the same transaction or occurrence and that the existence of a substantial number of questions of law or material fact common to all those persons not only will arise in the action, but also: (1) that such questions will predominate over individualized questions pertaining to each plaintiff; (2) the action can be maintained more efficiently and economically for all parties than if prosecuted separately; and (3) that the interest of justice supports the joinder of the parties as plaintiffs in one action. If venue is improper for any plaintiff joined in the action, then the claim of any such plaintiff shall be severed and transferred to a court where venue is proper. In the event severance and transfer is mandated and venue is appropriate in more than one court, a defendant sued alone or multiple defendants, by unanimous agreement, shall have the right to select such other court to which the action shall be transferred .... ”
Principles of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous. Ex parte Alabama Great Southern R.R., supra, 788 So.2d at 889, quoting Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998).
Pratt contends that venue for the action was proper in Macon County pursuant to § 6-3-7(a)(3), Ala.Code 1975, because all but one of the named plaintiffs reside in Macon County and because the plaintiffs have met the criteria set out in § 6-3-7(c), Ala.Code 1975.
WestPoint Stevens contends that § 6-3-7, Ala.Code 1975, requires that venue be proper as to all the named plaintiffs.[2] WestPoint Stevens reasons that § 6-3-7(c) mandates that if venue in a particular county is not proper as to all plaintiffs, then the case must be transferred to a county where venue is proper as to all plaintiffs. WestPoint Stevens further argues that the criteria provided in § 6-3-7(c) apply only in a situation where no venue is proper as to all of the named plaintiffs.
To adopt WestPoint Stevens’s interpretation of § 6-3-7(c), this Court would have to disregard the plain language of the statute and treat a portion of subsection (c) as a nullity. The statute clearly states that “venue must be proper as to each and every named plaintiff joined in the action, unless the plaintiffs establish” the stated criteria. The dependent clause beginning with the word “unless” modifies the independent clause, which states that “venue must be proper as to each and very named plaintiff joined in the action.” Conse *536 quently, if venue in a particular county is not proper for all of the plaintiffs, but the plaintiffs establish the criteria listed in § 6-3-7(e), then venue becomes proper in that county. If, however, the plaintiffs cannot establish the criteria, then the claims of the plaintiffs as to whom venue is improper shall be severed and the case shall be transferred to a court where venue is proper.
In this case, Pratt filed the action in Macon County. All of the plaintiffs except one reside in Macon County. Pratt presented evidence, through affidavits, to establish the appropriateness of venue in Macon County with regard to the plaintiff residing in Tallapoosa County. Pratt has satisfied the criteria stated in § 6-3-7(c), Ala.Code 1975. Furthermore, the circuit court made a finding in its order addressing Pratt’s motion for reconsideration that “with the exception of the degree of damage to each parcel of land there are common questions of law and fact as to each plaintiff such that judicial economy requires that the claims of the plaintiffs should not be severed.” (Pratt’s petition, Exhibit H.) Therefore, Pratt established the criteria to the satisfaction of the circuit court; venue in Macon County is proper in this case.

Conclusion

Pratt has met the requirements for the issuance of a writ of mandamus. The circuit court abused its discretion in granting WestPoint Stevens’s motion to transfer this case. Accordingly, we direct the Macon Circuit Court to vacate its order transferring the case to Lee County.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and LYONS, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
SEE, J., concurs specially.
BROWN, J., concurs in the result.
HOUSTON, J., dissents.

. Section 6-3-7, Ala.Code 1975, was amended effective July 24, 1999. The complaint in this action was filed in August 1999; therefore, the statute as amended applies.

. We note that WestPoint Stevens did not take issue with the “doing business” aspect of § 6-3-7(a)(3), Ala.Code 1975.