DONALDSON, Judge.
These consolidated appeals present a matter of first impression for this court: whether, for purposes of determining if a child is in need of supervision under the Alabama Juvenile Justice Act (“the AJJA”), § 12-15-101 et seq., Ala.Code 1975, a juvenile court may rely on a local school board’s definition of the term “truancy,” if it differs from the definition of that term 'as promulgated by the Alabama State Board of Education (“the ASBE”) in the Alabama Administrative Code.
Under the AJJA, a child in need of supervision is defined to include
“[a] child who has been adjudicated by a juvenile court for doing any of the following and who is in need of care, rehabilitation, or supervision:
“a. Being subject to the requirement of compulsory school attendance, is habitually truant from school as defined by the State Board of Education in the Alabama Administrative Code.”
§ 12-15-102(4)a., Ala.Code 1975 (emphasis added). The ASBE promulgated Rule 290-3-l-.02(7)(c), Ala. Admin. Code (“the rule”), which provides, in pertinent part, a definition of “truancy”:
“(c) Truancy Definition. A parent, guardian, or other person having charge of any child officially enrolled in Alabama public schools (K-12) shall explain in writing the cause of any and every absence of the child no later than three (3) school days following return to school. A failure to furnish such explanation shall be evidence of the child being truant each day he is absent. The child shall also be deemed truant for any absence determined by the principal to be unexcused based upon the State Department of Education’s current School Attendance Manual. Seven unexcused absences within a school year constitute a student being truant for the purpose of filing a petition with the Court. The Interagency Committee on Youth Truancy Task Force recommendations known as the Early Warning Truancy Prevention Program timeline for reporting truancy shall define the truancy status of any student as follows:
[[Image here]]
*1266 “3. No earlier than seventh unexcused absence, but within ten (10) school days (court)
“(i) File complaint/petition against the child and/or parent/guardian, if appropriate.
[[Image here]]
“5. Any local education agency may adopt a policy more rigorous than the State policy.”
(Emphasis added.) Although the word “habitually” does not appear in the text of the rule, we note that the rule specifically defines what constitutes being “truant for the purpose of filing a petition with the Court.”
The facts in these cases are not in dispute. The Marshall County Board of Education (“the Marshall County BOE”) and the Albertville City Schools Board of Education (“the Albertville BOE”) each established a “more rigorous” definition of the term “truancy” than the definition established by the ASBE in the rule. The record contains a “Student Handbook” issued by the Marshall County BOE indicating that it adopted the following policy: “If a student accumulates five (5) instances of truancy, a petition will be filed by the Attendance Officer against the student in Juvenile Court, identifying the student as a habitual truant.” The policy of the Al-bertville BOE pertaining to truancy is not in the record on appeal.
In April 2014, the attendance officers for the Marshall County BOE and the Albert-ville BOE, on behalf of the State, each filed a petition in the Marshall Juvenile Court (“the juvenile court”), respectively, alleging that K.J.M. and C.L.D. (sometimes hereinafter referred to collectively as “the children”) were children in need of supervision under § 12-15-102(4)a. because they had been “habitually truant from school.” K.J.M., age 15 at the time of the filing of the pertinent petition, was enrolled in a school in the Marshall County school system, and C.L.D., age 13 at the time of the filing of the pertinent petition, was enrolled in a school in the Albertville city school system. The petitions alleged that K.J.M. and C.L.D. had each been absent from school for a total of six days, without proper excuse, for the 2013-2014 school year. The juvenile court ordered that the cases involving C.L.D. and K.J.M. be consolidated with two other cases involving two other children who are not a part of these appeals.
On May 9, 2014, K.J.M., through counsel, filed a motion for a summary judgment or, in the alternative, for a judgment of acquittal (“the prejudgment motions”). Although C.L.D. did not file a similar written motion, the juvenile court explained in an order to supplement the record on appeal that it had informed counsel for K.J.M. and C.L.D. that “in the interest of judicial economy, there was no need to refile a substantially identical [motion for a summary judgment or for a judgment of acquittal] and [a] supporting brief [in the case concerning C.L.D.].” Therefore, the parties and the juvenile court considered C.L.D. to have filed a motion identical to KJ.M.’s motion.
In the prejudgment motions, the children argued that, because they had each accumulated only six unexcused absences, they did not meet the definition of “habitually truant from school” as that term has been defined by the ASBE in its definition of “truancy” in the rule. The children also contended that the State, in its petitions, had improperly applied definitions of “truancy” that had been adopted by the Marshall County BOE and the Albertville City BOE and that were more rigorous than the definition established by the ASBE. The children further contended that the application of multiple definitions of what constitutes being “habitually truant from *1267 school” established by local school boards violated their constitutional right to equal protection under the Fourteenth Amendment to the United States Constitution.[1] The parties filed a joint stipulation of facts in the juvenile court on June 3, 2014, stating
“[t]hat [K.J.M. and C.L.D.] had accrued less than seven (7) but more than five (5) unexcused absences during the 2013-2014 school year, at the time each respective Petition was filed.”
On that same date, the juvenile court held a hearing on the prejudgment motions.
On June 25, 2014, the juvenile court entered an order denying the prejudgment motions, stating:
“On June 3, 2014, the above-styled cases came before the Court for hearing on the Motion for Summary Judgment, or in the Alternative, Motion for Judgment of Acquittal, filed by the respondents. By prior Order of this Court, these cases had been consolidated for purposes of hearing the substantially identical Motions for Summary Judgment, or in the Alternative, Motions for Judgments of Acquittal filed by the re-spondents_ All parties present acknowledged and agreed that this matter would be submitted on the briefs, exhibits and other pleadings of the parties, specifically including, but in no way limited to, the Joint Stipulation of Facts Requiring No Proof at Trial, which was filed on June 3, 2014.
[[Image here]]
“After considering the Motion for Summary Judgment the Court hereby denies the same. The Court notes that the issues raised in the Motion are issues of first impression to this Court. Further after a thorough search of Alabama Case Law the Court believes this is an issue of first impression to any Court in this State.
“The Court is of the opinion that this Order involves a controlling question of law to which there is substantial ground for a difference of opinion and that an immediate appeal from the order would materially advance the ultimate termination of the litigation, and that the appeal would avoid protracted, expensive, and continuing litigation to the parties, the tax payers, and the State of Alabama....
“Finally the Court notes that this issue is a reoccurring issue affecting many children in this County and presumably others as well in other counties and many school districts in this County ([Marshall County] currently [has] five different school districts) and presumably many more throughout the State. Because of the nature of this issue it continues to be one capable of repetition yet evading review as it can and does become moot in a very short time due to small differences in days of allowed unexcused days before a petition is filed when comparing the Alabama Administrative Code to the local school board policy.”
On July 28, 2014, C.L.D. and K.J.M. appeared before the juvenile court for a dispositional hearing. Both children then admitted to the allegations in the petition, although the parties stipulated that the admissions were entered only for the purpose of submitting the questions raised in the prejudgment motions for appellate review. Later that same day, the juvenile court entered dispositional orders, finding that the children had entered voluntary *1268 and knowing admissions to the allegations in the petitions, that the children had committed the act of truancy, and that the children were in need of the supervision, treatment, rehabilitation, care and protection .of the State. In the dispositional orders, the juvenile court placed the children on probation for 6 months and required them to perform 25 hours of community service,- to be performed at the direction of the juvenile probation officer. The juvenile court further “preserve[d] the issues raised in the [prejudgment motions] for the purposes of appellate review.”[2] The procedure followed by the parties and the juvenile court adequately demonstrates compliance with Rule 28(A)(1)(b), Ala. R. Juv. P., in conjunction with the juvenile court’s orders so as to support direct appeals to this court.
K.J.M. filed a notice of appeal to this court on August 5, 2014, in compliance with Rule 28(A)(2)(b), Ala. R. Juv. P. See S.H. v. State, 868 So.2d 1110 (Ala.Civ.App.2003) (plurality opinion). See also C.H. v. State, 945 So.2d 463 (Ala.Civ.App.2005). C.L.D. filed a notice of appeal to this court in compliance with Rule 28(A)(2)(b), on August 11, 2014. In response to a motion filed by K.J.M. and C.L.D., this court consolidated the appeals. On appeal, K.J.M. and C.L.D. raise identical issues. They contend that the juvenile court erred by adjudicating the children as children in need of supervision pursuant to § 12-15-102(4)a. They contend that the local school boards’ definitions of “habitually truant from school” are inconsistent with the plain language of § 12-15-102(4)a. They further contend that application of varying local school board definitions of “habitually truant from school” for purposes of adjudication under § 12-15-102(4)a. violates the children’s right to equal protection under the Fourteenth Amendment to the United States Constitution. The State did not file a brief on appeal.
We first note that there is nothing in the record before us on C.L.D.’s appeal in case no. 2130966 that establishes that the Albertville BOE has adopted a definition of “truancy” that differs from the definition in the rule. Accordingly, because the stipulated evidence before the juvenile court established that C.L.D. had less than seven unexcused absences, there was no evidence presented from which a finding could be made that C.L.D. had been “habitually truant from school.” We next address K. J.M.’s argument that application of the definition of “truancy” promulgated by the Marshall County BOE is inconsistent with the plain language and legislative intent of § 12-15-102(4)a. In so doing, we must determine whether the language of §' 12-15-102(4)a. is ambiguous. If it is not, then “[p]rinciples of statutory construction instruct [a court] to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.” Ex parte Pratt, 815 So.2d 532, 535 (Ala.2001) (citing Ex parte Alabama Great Southern R.R. & Norfolk Southern Ry., 788 So.2d 886, 889 *1269 (Ala.2000), quoting in turn Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998)).
‘We have said that a statute is ambiguous when it is of doubtful meaning. Ex parte Alabama Public Service Commission, 268 Ala. 322, 106 So.2d 158 (195[8]). Ambiguity in this sense has been defined as whether ‘A statute or portion thereof is ambiguous when it is capable of being understood by reasonably well-informed persons in either of two or more senses.... ’ State ex rel. Neelen v. Lucas, 24 Wis.2d 262, 267, 128 N.W.2d 425, 428 (1964).”
S & S Distrib. Co. v. Town of New Hope, 334 So.2d 905, 907 (Ala.1976).
Through § 12-15-102(4)a., the legislature clearly and unequivocally tasked the ASBE with defining the term “habitually truant from school” for the purpose of establishing whether a child is in need of supervision. Furthermore, the legislature clearly established that the ASBE’s definition of “habitually truant from school” would be promulgated in the Alabama Administrative Code. The legislature did not include in § 12-15-102(4)a. any language that could be interpreted as authorizing the ASBE to delegate the duty of defining the term “habitually truant from school” to local school boards. Had the legislature intended for the local school boards to establish their own definitions of “habitually truant from school” for purpose of adjudicating a child in need of supervision, the legislature could have added language to that effect. The plain language of § 12-15-102(4)a. means what it says — the meaning of “habitually truant from school” will be defined by the ASBE in the Alabama Administrative Code.
Therefore, we conclude that K.J.M. could not be found to be a child in need of supervision under § 12-15-102(4)a. based on a definition of the term “habitually truant from school” that differed from the definition established by the ASBE in the rule. Pursuant to the directive of the legislature in § 12-15-102(4)a., the definition of “habitually truant from school” has been promulgated by the ASBE in the rule: “Seven unexcused absences within a school year constitute a student being truant for the purpose of filing a petition with the Court.” Because the stipulation of facts established that both of the children had fewer than seven unexcused absences, the evidence did not establish that they were in violation of § 12-15-102(4)a. This holding is directed only to the question of whether a local school board may define the term “habitually truant from school” for the purpose of adjudicating a child in need of supervision under the AJJA differently from the ASBE. Because of our disposition of these appeals, we pretermit discussion of the children’s second argument, asserting that the varying definitions of “habitually truant from school” promulgated by local school boards is vio-lative of their rights to equal protection.
For the reasons stated above, we reverse the juvenile court’s judgments adjudicating K.J.M. and C.L.D. to be children in need of supervision, and we remand the causes to the juvenile court with instructions to vacate the judgments and to dismiss the petitions pursuant to § 12-15-215(a), Ala.Code 1975.
2130911 — REVERSED AND REMANDED WITH INSTRUCTIONS.
2130966 — REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. The State’s attorney general was served with the prejudgment motions pursuant to § 6-6-227, Ala.Code 1975. The attorney general filed a response waiving further service of pleadings filed in the cases and waiving the right to be heard in the cases.

. These appeals do not arise from the juvenile court's denial of the children’s prejudgment motions. ‘ We make no determination regarding whether a summary-judgment motion or a preadjudication motion for a judgment of acquittal are available in child-in-need-of-supervision proceedings. See Rule 25(A), Ala. R. Juv. P. ("A ... child-in-need-of-supervision hearing ... shall proceed generally in a manner similar to the trial of a criminal action before the court sitting without a jury.”). Compare Ankrom v. State, 152 So.3d 373 (Ala.Crim.App.2011) (distinguishing a pretrial motion testing the sufficiency of evidence from a legal challenge regarding whether the acts described by the stipulated facts constitute a criminal offense), aff'd, 152 So.3d 397 (Ala.2013).