Bob Milner Rentals, Inc., d.b.a. White Top Cab Co., et al. *v.* Moon

No. 42526          February 4, 1963          149 So. 2d 473

*Forrest B. Jackson,* Jackson, for appellants.

*Young & Young,* Jackson, for appellee.

McGEHEE, C. J.

Mrs. C. O. Moon brought this suit in the Circuit Court of Hinds County for damages for personal injuries sustained by her when a taxicab belonging to the appellant Bob Milner Rentals, Inc., doing business as White Top Cab Company, and driven by the appellant Marcus Barrett, collided with the automobile in which the appellee Mrs. C. O. Moon, then Mrs. Ben Fink, was riding as a guest-passenger of Mrs. Ida Terry, a resident citizen of Madison County, Mississippi. The accident happened on May 2, 1960, at the intersection of Washington and Delaney Streets in the City of Biloxi, Harrison County, Mississippi.

When the cause came on for hearing in the Circuit Court of Hinds County, the appellants moved to transfer the case from the Circuit Court of Hinds County to the Circuit Court of Harrison County, the domicile of the said corporation and the place of residence of appellant Marcus Barrett, both of whom had been served with process in Harrison County, where the accident occurred.

Thereafter, Mrs. Ida Terry, the resident citizen of Madison County, who had been served with process there, filed her answer and a motion setting up a complete release, executed by the plaintiff on June 8, 1960, and for which the plaintiff Mrs. C. O. Moon had accepted the payment of $98.35 and her medical expenses theretofore incurred.

The release by its terms provided: ''* * release, acquit and forever discharge Mrs. Ida Terry * * * , and any and all other persons, firms and corporations who are or might be liable * * * for personal injuries resulting (to the plaintiff) from an accident that occurred on * * * or about the 2nd day of May, 1960, at or near the intersection of Washington and Delaney Streets, Biloxi, Mississippi.'' It seems that one Donald Brown, an insurance adjuster, had taken the release and had paid the consideration therefor. He was called as an adverse witness by the plaintiff but was not permitted to testify as such. Therefore the facts were not fully developed as to the circumstances under which the release was obtained, or as to whom the insurance adjuster was representing other than Mrs. Terry, if anyone, when he obtained the release in favor of all of the defendants, except that it appears from the testimony of Mrs. Moon that she was paid $98.35 and her medical expenses and that prior to the trial in Madison County she had not disaffirmed the release or refunded the consideration paid therefor.

The plaintiff testified, when asked: ''Q. What did Mr. Brown tell you this piece of paper was, Mrs. Moon? A. I really don't remember. Q. You don't remember exactly what he told you it was? A. No, I do not.'' She was also permitted to testify, without objection, that she did not know that she had signed a release of her claim against Mrs. Terry on that occasion. She was also asked: ''Did that gentleman read this instrument to you after you signed it? A. I don't remember whether he did or not.''

(Hn 1) The plaintiff contends that when the suit was filed in the Circuit Court of Hinds County that the charter of Bob Milner Rentals, Inc., had not been amended so as to change its domicile to Harrison County, or, that is to say, that the amendment had not been filed in the Chancery Clerk's office; that they were there-

fore misled and that their error in filing the suit in the Circuit Court of Hinds County was an invited error and that they were for that reason misled as to the proper venue of the case. However, under Section 5323, Code of 1942, with reference to amendments and renewals of charters, there is a requirement that an amendment be dealt with under the same laws and regulations governing the filing, approval and recordation of original charters of incorporation in the Secretary of State's office. Under Section 5324, Code of 1942, the provision is that every charter so granted, and every certificate of renewal shall be recorded at length in the office of the Secretary of State, and in the office of the Clerk of the Chancery Court of the county in which the corporation does business, and the fact of such amendment or renewal noted on the margin of the original charter. The original charter is in the office of the Secretary of State and only a copy of the charter is in the chancery clerk's office. Moreover, this corporation was never shown to have done business in Hinds County, Mississippi; but was operated entirely in Harrison County, Mississippi. We think that the error in filing the suit originally in the wrong venue was due to the fact that the plaintiff did not inquire at the Secretary of State's office where the charter and its amendments are recorded, and also the amendment is recorded in the Chancery Clerk's office in Harrison County, Mississippi, where the corporation is actually doing business. **(Hn 2)** We do not think that there was any invited error, and there was no venue either in Hinds or Madison County. That the venue is in Harrison County, where the accident happened, where the cause of action occurred and accrued, and where all defendants who could be liable, are subject to suit.

The plaintiff testified something in regard to being under sedation, but the facts were not fully developed as to her physical condition or as to what occurred at

the time of the execution of the release, since the insurance adjuster was not permitted to testify when offered as an adverse witness. Cf. Trolio v. Nichols, 160 Miss. 611, 133 So. 207; Whittington v. H. T. Cottam Co., 158 Miss. 847, 130 So. 746; Fornea v. Goodyear Yellow Pine Co., 181 Miss. 50, 178 So. 914; McCubbins v. Morgan, et al, 199 Miss. 153, 23 So. 2d 926; New Biloxi Hospital, Inc. v. Frazier, (Miss.) 146 So. 2d 882.

When the cause came on for hearing in the Circuit Court of Madison County, to which it had been transferred from Hinds County, the court at the conclusion of the testimony for the plaintiff granted a peremptory instruction in favor of the defendant Mrs. Ida Terry, and the other defendants thereupon renewed their motion to transfer the case to the Circuit Court of Harrison County, for want of venue either in Hinds or Madison County, but this motion was overruled. The plaintiff had no cause of action against the defendant Mrs. Terry, since she had admittedly on June 8, 1960, released Mrs. Terry from her claim on account of this accident, before the case had been transferred from the Circuit Court of Hinds County to the Circuit Court of Madison County.

In fact, the plaintiff did not undertake to establish a case of liability against the Madison County defendant, but testified affirmatively that she thought the accident was due to the fault of the taxicab company and she exonerated Mrs. Terry of any fault in connection therewith.

We pretermit any holding as to whether or not this release was effective in favor of all of the defendants, until the proof as to the facts and circumstances under which the release was obtained shall have been fully developed on another trial. We reverse and remand the case and render judgment here for the cause to be transferred to the Circuit Court of Harrison County, Mississippi, for another trial.

Reversed and remanded to the Circuit Court of Harrison County.

*Kyle, Ethridge, Rodgers and Jones, JJ.,* concur.