STUART, Justice.
This petition for writ of mandamus arises from the trial court’s denial of a motion for a change of venue. Parasmani, Inc., d/b/a Knights Inn (“Parasmani”), the defendant in an action pending in the Mobile Circuit Court, petitions for a writ of mandamus directing the circuit court to transfer the case to the Montgomery Circuit Court. Because the facts of this case clearly show that Parasmani is entitled to have this case tried in Montgomery County pursuant to § 6-3-7, Ala.Code 1975 (as amended effective July 24, 1999), the venue statute for actions against foreign and domestic corporations, we grant the petition.
I.
Penelope B. Jones, a resident of Wave-land, Mississippi, sued Parasmani in the Mobile Circuit Court based on an alleged accident occurring on the premises of Knights Inn in Montgomery County, Alabama. Knights Inn is a motel owned and operated by Parasmani. In her complaint, Jones alleges that on November 24, 1999, she was a business invitee on the premises of Knights Inn in Montgomery, when she fell and was injured in the parking lot of the motel.
Parasmani filed a motion to dismiss the complaint or, alternatively, for a change of venue, arguing that venue in Mobile County was improper and that the doctrine of forum non conveniens[1] required the transfer of the case to Montgomery County. It subsequently filed a supplement to its motion for a change of venue, supported by an affidavit of Kishor Desai, an officer of Parasmani. Desai’s affidavit states that he is an officer of Parasmani, that he is aware of Parasmani’s entire corporate history, and that the information contained in the affidavit is based upon his personal knowledge. It further states that Paras-mani is an Alabama corporation with its principal business address in Montgomery County, that Parasmani does not have, and has never had, an office or a principal place of business in Mobile County, Alabama, and that Parasmani does business as Knights Inn, which is located on South Boulevard in Montgomery County, Alabama. The affidavit states that when the incorporators were forming the corporation, the secretary of state’s office mailed the paperwork to Desai’s residential ad *967 dress, which, at the time, was in Mobile County. It further states that once the company was incorporated, he moved to Montgomery County,- Alabama, and the corporation purchased the Knights Inn. Desai asserts that if the secretary of state’s office shows the principal address of the business as being in Mobile County, Alabama, it is in error. According to the materials before us, Jones filed nothing in the trial court in response to Parasmani’s motion to supplement its motion for a change of venue, which included Desai’s affidavit.
As Exhibit A to her answer and brief filed with this Court, Jones attached a two-page document that appears to be a printout of a computer screen from the Internet Web site of the office of the Secretary of State of the State of Alabama. The printout includes the following information: “Prin Address: Mobile, AL,” but also states: “Place of Inc: Montgomery County” and “Reg Agent ...: DESAI, KI-SHOR, 995 WEST SOUTH BOULEVARD MONTGOMERY, AL 36105.” As we have noted, according to the materials before us, Jones did not file this document with the trial court. When the trial court denied the motion for a change of venue, Parasmani filed a motion to reconsider, which was likewise denied. Parasmani then filed this petition for the writ of mandamus.
II.
The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is. by way of a petition for a writ of mandamus. Ex parte Alabama Great Southern R.R., 788 So.2d 886 (Ala.2000). “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). When this Court considers a petition for a writ of mandamus relating to a venue ruling, this Court’s scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner. Id. This Court’s review is limited to those facts that were before the trial court. Ex parte Nat’l Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998); Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995).
“The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.” Ex parte Fin. America Corp., 507 So.2d 458 at 460 (Ala.1987).
A party may submit evidentiary material to support a motion to dismiss that attacks venue. Ex parte D.M. White Constr. Co., 806 So.2d 370 (Ala.2001). Parasmani offered the affidavit testimony of Desai, an officer of Parasmani, which was not opposed in the trial court. There was no other evidence before the trial court.
“This Court is bound by the record, and it cannot consider a statement or evidence in a party’s brief that was not before the trial court.” Ex parte American Res. Ins. Co., 663 So.2d at 936. We must look only at those facts that were before the trial court.
Section 6-3-7, Ala. Code 1975, the statute prescribing venue for actions against foreign and domestic corporations, was amended by the Legislature effective *968 July 24, 1999. The statute, as amended, provides, in pertinent part:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred ...; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided ... at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
Ala. Code 1975, § 6-3-7.
Venue is proper in Montgomery County under § 6 — 3—7(a)(1) because the alleged incident occurred on the premises of Parasmani’s motel, which is located in Montgomery County. Venue is also proper in Montgomery County under § 6-3-7(a)(2) because the defendant’s only and principal place of business is in Montgomery County. Venue is not proper in Mobile County under § 6-3-7(a)(3) because Jones is not a resident of Mobile County and Parasmani does not conduct business in Mobile County. Parasmani does not have employees or agents in Mobile County. Parasmani has never maintained an office or a business address in Mobile County. Its only address is Knights Inn, 955 South Boulevard, Montgomery, Alabama. Because subsections (1) and (2) of § 6-3-7(a) are applicable, subsection (4) is inapplicable in this case.
Because Montgomery County is the only proper venue for this lawsuit under the facts properly before this Court, we hold that the trial court abused its discretion in denying Parasmani’s motion to transfer this case from Mobile County to Montgomery County. Accordingly, the Mobile Circuit Court is directed to vacate its order denying Parasmani’s motion to transfer. The Mobile Circuit Court is further directed to transfer the pending action to the Montgomery Circuit Court.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.

. Parasmani did not argue in its petition to this Court that the case should be transferred based upon the doctrine of forum non conve-niens. It relies solely on its improper-venue argument.