# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-IA-00031-SCT

*CLEVELAND SMITH*

*v.*

*KANSAS CITY SOUTHERN RAILWAY COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/18/2015 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS, JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | C. E. SOREY, II |
| ATTORNEYS FOR APPELLEE: | CHARLES EDWIN ROSS |
| | VICTORIA REPPOND BRADSHAW |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 03/30/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND BEAM, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     This interlocutory appeal presents the Court with the question of whether, pursuant to Mississippi's venue statute, a corporation may have only one national principal place of business or may have a principal place of business in multiple or all states. Cleveland Smith, a resident of Lowndes County, filed suit against his employer, Kansas City Southern Railway Company ("KCS"), in the Lowndes County Circuit Court. The trial court granted KCS's Motion for a Change of Venue, holding that, although KCS's national principal place of business was in Kansas City, Missouri, KCS also did business in Mississippi and that its principal place of business in Mississippi was Rankin County. Because holding that a

corporation has a single, principal place of business follows the plain language of the statute and promotes simplicity, we reverse the decision of the trial court and remand the case.

## FACTS AND PROCEDURAL HISTORY

¶2. On April 20, 2012, while working as a railroad machine operator in Sibley, Louisiana, Smith, a KCS employee, had been standing on a tie-inserter machine when he allegedly slipped on a sill step and injured his left shoulder.

¶3. Smith had been a resident of Columbus, Lowndes County, and on April 10, 2015, filed a lawsuit against KCS in the Lowndes County Circuit Court, alleging a violation of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, for negligently failing to provide Smith with a reasonably safe workplace, *inter alia*. The complaint stated that KCS was a corporation "doing business in the State of Mississippi where it has officers and agents for the usual and customary transaction of its business. Its principle [sic] place of business is Kansas City, Missouri."[1]

¶4. The Mississippi venue statute, Mississippi Code Section 11-11-3(1), provides in pertinent part:

> (1)(a)(i) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.
> . . . .
> (b) If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled.

[1]Both parties stipulate that KCS's national principal place of business is Kansas City, Missouri.

2

Miss. Code Ann. § 11-11-3(1)(a)(i)-(b) (Rev. 2004).

¶5.    On September 8, 2015, KCS filed a Motion for Change of Venue, arguing that, for venue purposes, its national principal place of business was irrelevant, and that the case should be transferred to its principal place of business in Mississippi, Rankin County. Thus, KCS contended that Smith's domicile, Lowndes County, could be an appropriate venue only if KCS did not have a principal place of business in Mississippi. Because KCS alleged that it had a second principal place of business in Rankin County, pursuant to Section 11-11-3, it contended that the only proper venue in Mississippi was Rankin County.

¶6.    Attached as an exhibit to its motion, KCS submitted an affidavit of Kiley L. Hinds, Director of Field Transportation of the Southeast Division for KCS. The affidavit stated that KCS's main offices were located in Kansas City, Missouri, along with the offices of the President and Vice Presidents of Transportation, Mechanical, Human Resources, Marketing, and Finance. Hinds stated that KCS's main management office in Mississippi was located in Rankin County, its largest yard was in Rankin County, and, in addition, Rankin County housed the offices of the claims department, the only marketing office in Mississippi, and the main office for KCS's police force.

¶7.    The trial court granted KCS's motion, holding that KCS's national principal place of business was irrelevant and that Section 11-11-3(1)(a)(i) applied to a corporation's principal place of business in Mississippi. Smith timely appealed, arguing that the trial court had erred in holding that a corporation had multiple principal places of business under the statute.

**DISCUSSION**

¶8.     Prior to 2002, Mississippi had separate venue statutes for general cases, cases against railroads, nonresidents, "express, steamboat, power, superpower, telephone and insurance companies, executors, nonresident motorists and state boards." ***Adams v. Baptist Mem'l Hosp-DeSoto, Inc.***, 965 So. 2d 652 (Miss. 2007). Section 11-11-3, the general venue statute, stated:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found, and if the defendant is a domestic corporation, in the county in which said corporation is domiciled, or in the county where the cause of action may occur or accrue except where otherwise provided . . . .

Miss. Code Ann. § 11-11-3 (1992). That version of the statute differentiated between foreign corporations and domestic corporations, stating that actions against domestic corporations may be brought in the county where the domestic corporation was domiciled. This Court held that, pursuant to the general venue statute, a foreign corporation could be found in any county in which it had an agent upon whom process could be served. ***Dean v. Brannon***, 104 So. 173, 174 (Miss. 1925).[2]

¶9.     Section 11-11-5, the venue statute specific to railroads, stated:

> Actions against any railroad . . . corporation . . . may be brought [1] in the county where the cause of action accrued, [2] in the county where the defendant has its principal place of business or [3] in the county in which the plaintiff resides.

Miss. Code Ann. § 11-11-5 (repealed 2002).

---

[2]KCS has a registered agent in Rankin County, Mississippi. However, Mississippi Code Section 79-35-15 now specifically states that "the address of the agent does not determine venue in an action or proceeding involving the entity." Miss. Code Ann. § 79-35-15 (Rev. 2013).

4

¶10.    A different statute applied in suits against nonresidents:

> All civil actions for the recovery of damages brought against a nonresident or the representative of the nonresident in the state of Mississippi may be commenced in the county in which the action accrued or where the plaintiff then resides or is domiciled, except as otherwise provided by law.

Miss. Code Ann. § 11-11-11 (repealed 2002).

¶11.    The Legislature significantly altered the venue laws in 2002 and repealed the railroad venue statute and nonresident venue statute. The general venue statute was amended to cover all corporations. For circuit court actions filed after January 1, 2003, and before January 1, 2004, Section 11-11-3 had provided:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides or in the county where the alleged act or omission occurred or where the event that caused the injury occurred. Civil actions against a nonresident may also be commenced in the county where the plaintiff resides or is domiciled.

Miss. Code Ann. § 11-11-3(1) (repealed 2004).

¶12.    The general venue statute was again amended in 2004 to its current text:

> (1)(a)(i) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.
>
> (b) If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled.

Miss. Code Ann. § 11-11-3(1)(a)(i), (b) (Rev. 2004). The current version of the statute does not differentiate between a foreign and a domestic corporation.

¶13.    Smith argues that, because KCS's national principal place of business is in Missouri, and because the injury occurred in Louisiana, Section 11-11-3(1)(b) applies and the appropriate venue for the action is in his place of residence, Lowndes County.

¶14.    Smith argues that, in federal court, corporations have only one principal place of business and cites *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010), and its holding that a corporation's principal place of business is defined as its "nerve center." *Id.* at 93. The Supreme Court held that the "nerve center" is a single place that usually is the corporation's main headquarters. *Id.* The Court reasoned that "the word 'place' is in the singular, not the plural. The word 'principal' requires us to pick out the 'main, prominent' or 'leading' place." *Id.* Additionally, interpreting the statute to mean that a corporation may have one principal place of business avoids increasingly complex litigation and promotes simplicity. *Id.* at 93-94. "Administrative simplicity is a major virtue in a jurisdictional statute." *Hertz*, 559 U.S. at 94. "Simple jurisdictional rules also promote greater predictability. . . . Predictability also benefits plaintiffs deciding whether to file suit in a state or federal court." *Id. Cf. Daimler AG v. Bauman*, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.' Those affiliations have the virtue of being unique – that is, each ordinarily indicates only one place – as well as easily ascertainable.").

¶15.    Smith additionally cites *Illinois Central Railroad Co. v. Carlos Mooney*, No. 2011-IA-00355-SCT (Miss. May 11, 2011). In *Mooney*, the petitioner railroad argued on

6

interlocutory appeal that it was a foreign corporation and had only one national principal place of business, in Illinois. The respondent instead argued that Illinois Central also had a principal place of business in Hinds County, Mississippi. This Court entered an order finding that the respondent "has made no showing that venue is proper in Hinds County. On the contrary, Illinois Central has demonstrated its status as a foreign corporation with its principal place of business in Illinois." *Id.*

¶16. We now find that a corporation may have only one principal place of business. Holding that the Legislature intended the venue statute to apply to a corporation's principal place of business inside Mississippi would require analyzing in each case how much of a presence a foreign business has to have in Mississippi to have a principal place of business both inside Mississippi and nationally. Additionally, if any business with an office in Mississippi can be considered to have a principal place of business inside the state, that interpretation would render Section 11-11-3(1)(b) venue in the county of the plaintiff's residence or domicile, virtually irrelevant. If the Legislature had intended for a foreign corporation to have a principal place of business inside the state, it easily could have clearly stated that in the statute.

¶17. Further, the previous version of the general venue statute in Mississippi stated that "if the defendant was a domestic corporation venue would be proper in the county in which said corporation is domiciled. If the corporation was a foreign corporation, venue was proper where the foreign corporation's registered agent was located. This difference in appropriate venues between a foreign and a domestic corporation logically can be interpreted to mean

7

that the Legislature did not consider a foreign corporation to have a principal place of business in Mississippi.

¶18. KCS cites *Kansas City Southern Railway v. Johnson*, 798 So. 2d 374 (Miss. 2001), *superceded by rule on other grounds by* ***Mississippi Transportation Commission v. McLemore***, 863 So. 2d 31, 36 (Miss. 2004), in support of its argument that it has both a national principal place of business and a principal place of business in Mississippi. In *Johnson*, this Court analyzed the previous version of the venue statute, Section 11-11-5, which had been specific to railroads. *Id.* at 377-78. At that time, KCS took the opposite position and argued that its principal place of business was in Kansas City and that it did not have a principal place of business in Mississippi. *Id.* at 378. This Court held that KCS's national principal place of business was irrelevant and that "[t]he trial court had before it evidence that KCS's principal place of business was in Hinds County." *Id.*

¶19. Although the *Johnson* Court held that KCS's national principal place of business had been irrelevant, in other cases a corporation's national principal place of business has been applied when determining venue. In *Holmes*, this Court stated that State Farm's principal place of business was in Bloomington, Illinois, and not inside Mississippi. *Holmes v. McMillan*, 21 So. 3d 614, 618 (Miss. 2009). The *Blakeney* Court stated that Kia was a nonresident corporation with its principal place of business outside of Mississippi. *Laurel Ford Lincoln-Mercury, Inc. v. Blakeney*, 81 So. 3d 1123, 1124 (Miss. 2012). And the *Ellison* Court stated that "it is undisputed . . . that AFLAC's principal place of business is outside Mississippi. Thus, pursuant to the plain language of the statute, the action must be

8

commenced in Rankin County . . . ." ***American Family Life Assurance of Columbus v. Ellison***, 4 So. 3d 1049, 1051 (Miss. 2009).[3]

¶20.   KCS argues that Smith failed to cite any relevant legal authority and that this Court should summarily affirm the trial court's decision. Because Smith has cited relevant legal authority in support of his position, this argument has no merit.

¶21.   As the United States Supreme Court has held, interpreting the venue statute to allow a foreign corporation to have only one principal place of business promotes simplicity and avoids complex litigation. "Principal place of business" is a singular reference to a corporation's nerve center. Having multiple principal places of business nationally as well as in each state does not logically promote the term "principal place." The statute refers to a corporation's principal *place* of business and not to its principal *places* of business. The term "place" is singular, which indicates that there can be only one. The plain language of the statute reads "if venue in a civil action against a *nonresident* defendant cannot be asserted . . . a civil action against a *nonresident* may be commenced in the county where the plaintiff resides or is domiciled." Miss. Code Ann. § 11-11-3(1)(b) (emphasis added). Therefore, because KCS is a nonresident defendant with its principal place of business in Kansas City, Missouri, we reverse the decision of the trial court and remand the case to the Lowndes County Circuit Court for further proceedings consistent with this opinion.

¶22.   **REVERSED AND REMANDED.**

---

[3]*See also* ***Wood v. Safeway Ins. Co.***, 114 So. 3d 714 n.3 (Miss. 2013) ("The insurance policy reveals that Safeway's principal place of business is in Westmont, Illinois.").

9

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.**