# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-IA-01337-SCT

*WEEKS, INC. AND D&W TIRE AND MUFFLER COMPANY, INC.*

*v.*

*GREGORY E. LEWIS*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/24/2020 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | DELANO FUNCHES |
| | ROBERT S. MINK |
| | RYAN McCARRA COOK |
| | MELTON JAMES WEEMS |
| | FRANKLIN PEEPLES BRANNEN, JR. |
| | BENJAMIN LYLE ROBINSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ROBERT S. MINK |
| | GEORGE MARTIN STREET, JR. |
| | MELTON JAMES WEEMS |
| ATTORNEYS FOR APPELLEE: | TAMEKIA ROCHELLE GOLIDAY |
| | DELANO FUNCHES |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 03/24/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., MAXWELL AND BEAM, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     This is an interlocutory appeal of the denial of a motion to transfer venue. The Hinds County Circuit Court denied the motion of Weeks, Inc., to transfer venue to Madison County, even though neither Mississippi defendant—both corporations—has its principal place of business in Hinds County. Miss. Code Ann. § 11-11-3(1)(a)(i) (Rev. 2019). Nor did any

substantial alleged act or event causing the alleged injuries occur in Hinds County. *Id.* What the circuit court did was base its ruling on Weeks's corporate filings with the Mississippi Secretary of State, which listed a Hinds County address as Weeks's principal address.

¶2. But affidavits and other documents submitted with Weeks's motion to transfer venue showed this was not Weeks's address. Rather the address belonged to an outside certified public accountant who handles Weeks's correspondence and filings with the Secretary of State. Weeks conducts no business from this location. Instead, it solely operates out of its Madison County location. Still, the plaintiff, Gregory E. Lewis, asks this Court to hold that Weeks's corporate filings are conclusive evidence of the corporation's principal place of business. But the "principal place of business," for venue purposes, is the actual *place* of business. ***Smith v. Kansas City S. Ry. Co.***, 214 So. 3d 272, 277 (Miss. 2017) (applying Miss. Code Ann. §11-11-3(1)(a)(i)). It is the corporation's "nerve center"—the single place that usually is the corporation's main headquarters. ***Id.*** at 275, 277 (quoting ***Hertz Corp. v. Friend***, 559 U.S. 77, 93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010)). It is where the corporation *is*—and not merely where the corporation's filing *says* it is.

¶3. Lewis concedes, in his own words, that the "actual physical location" where Weeks conducts its business is in Madison County. That is its principal place of business. And that is where venue lies according to Section 11-11-3(1)(a)(i). Thus, the circuit court abused its discretion by denying Weeks's motion to transfer venue. We reverse and remand to the trial court with instructions to transfer this case to the Madison County Circuit Court.

**Background Facts & Procedural History**

2

¶4. Lewis based his personal-injury suit on a wreck that occurred out of state in Illinois. Lewis was driving a truck for his employer, Weeks, when one of the tires blew out, causing a collision with another vehicle. The tire had been purchased in Mississippi from D&W Tire and Muffler Co.

¶5. Lewis named five defendants in his action, only two of which are located in Mississippi. One of them, Weeks, according to the complaint, had its "principal office address" in the city of Jackson. The other was D&W Tire, which was located in Philadelphia, Mississippi.[1] Still, Lewis filed his complaint in Hinds County Circuit Court, alleging that "venue is proper in . . . Hinds County, Mississippi, in that the Defendant is a corporation with its principal place of business in Hinds County, Mississippi."

¶6. Weeks responded with a motion to transfer venue. In this motion, Weeks asserted that neither Mississippi defendant had its principal place of business in Hinds County. Weeks was actually located in Madison County, Mississippi, and D&W Tire in Neshoba County, Mississippi. Because venue would be proper in either of those counties under Section 11-11-3(1)(a)(i)—but not Hinds County—Weeks requested Lewis's suit be transferred to the Madison County Circuit Court. D&W Tire joined this motion.

¶7. When considering a motion to transfer venue, "'courts begin with the well-pleaded allegations of the complaint,' which may be 'supplemented—and contested—by affidavits or other evidence in cognizable form.'" *Weir v. Mayze*, 287 So. 3d 941, 944 (Miss. 2020) (quoting *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992)). Lewis's

---

[1] The other three named defendants are the driver of the other vehicle involved in the wreck, who resides in Alabama, and two out-of-state tire manufacturers.

3

complaint alleged Weeks's "principal office address" was the Hinds County address provided to the Secretary of State. But Weeks contested that allegation. It supported its motion with two affidavits.

¶8. In the first affidavit, Weeks's president, Steven Weeks, attested that the corporation's physical location has been in Madison County since 2006. In the second affidavit, Weeks's certified public accountant, Ronald Russell, explained that the address in Lewis's complaint for Weeks was actually the address of *his* CPA firm. Russell had provided this address to the Secretary of State's office as Weeks's principal address. Russell did this so all corporate filings and correspondence would come directly to him. But according to Russell, "[n]o one directly affiliated with Weeks, Inc. ever conducted business operations at my office address in Jackson, Mississippi."

¶9. Weeks also provided a warranty deed and tax records showing Russell's LLC owned the property located at the Hinds County address listed in the complaint. Weeks further provided its real property lease and a utility bill showing Weeks operated its business on Highway 51 in Madison County.

¶10. Weeks later supplemented its motion with evidence that Lewis was aware his employer was located in Madison County. This evidence consisted of: (1) a second affidavit by Steven Weeks stating that, "[d]uring his employment, Gregory Lewis came to the office at 965 Highway 51, Madison, on a regular basis to pick up paperwork and to turn in paperwork related to deliveries he made as a driver"; and (2) a copy of Lewis's petition to

4

controvert, filed with the Mississippi Workers' Compensation Commission, in which Lewis listed Weeks's address as being in Madison County.

¶11. The trial court held a hearing on the motion to transfer. At this hearing, Lewis argued that he had relied on Weeks being in Hinds County based on the address provided to the Secretary of State. And even though Weeks is really located in Madison County, Lewis asserted Weeks should not be able to say to the court it is located there.

¶12. The trial court denied the motion to transfer. And this Court granted Weeks's petition for permission to file an interlocutory appeal. The trial court's fact-based decision that venue is proper in Hinds County is a discretionary ruling entitled to deferential review. *Weir*, 287 So. 3d at 943.

**Discussion**

¶13. "Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no factual basis for the claim of venue." *Flight Line, Inc.*, 608 So. 2d at 1155 (footnote omitted). "The permissible venues for a plaintiff to select from are controlled by statute." *Taylor Constr. Co., Inc. v. Superior Mat Co., Inc.*, 298 So. 3d 956, 958 (Miss. 2020). The particular statute applicable here directs that "[c]ivil actions of which the circuit court has original jurisdiction"—such as Lewis's action—"shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission

5

occurred or where a substantial event that caused the injury occurred."[2] Miss. Code. Ann. § 11-11-3(1)(a)(i).

## I. Principal Place of Business

¶14. In this case, Lewis has never contended that a substantial act, omission, or event occurred in Hinds County, Mississippi. Instead, Lewis filed his action in Hinds County based on where he alleges Weeks's principal place of business is located. As defined by this Court, "'[p]rincipal place of business' is a singular reference to a corporation's nerve center." *Smith*, 214 So. 3d at 277. It is "the single *place* that usually is the corporation's main headquarters." *Id.* at 275 (emphasis added) (citing *Hertz Corp.*, 559 U.S. at 93).

¶15. Indisputably, neither Weeks nor D&W Tire is headquartered in Hinds County. At most, Weeks uses an outside CPA firm, unaffiliated with Weeks, with an office in Jackson. But from this fact it can hardly be said that the Jackson location is Weeks's "nerve center." And on appeal, Lewis concedes in his brief that "the actual physical location" of Weeks is in Madison County.

## II. Judicial Notice

¶16. Still, Lewis asks that Weeks's principal place of business, for venue purposes, be determined instead "by its statements to the Secretary of State." In particular, Lewis asks this Court to take judicial notice that Weeks is located in Hinds County based on its corporate filings with the Secretary of State's office.

---

[2] Under Mississippi Code Section 11-11-3(1)(a)(ii) (Rev. 2019), "[c]ivil actions alleging a defective product may also be commenced in the county where the plaintiff obtained the product." While Lewis does bring a manufacturing-defect claim, the complaint does not allege the tire was obtained in Hinds County.

¶17. Of course, "[t]his Court may take judicial notice of the official records of the Secretary of State." *May v. State*, 240 Miss. 361, 365, 127 So. 2d 423, 426 (1961). But the cases Lewis cites—in which this Court or the Court of Appeals has taken judicial notice of Secretary of State records—have either noticed the fact that a corporation was never formed, *e.g.*, *May*, 127 So. 2d at 426, or noticed who owned a corporation in the absence of any record evidence, *e.g*, *The Pennington Grp., LLC v. PriorityOne Bank*, 228 So. 3d 880, 887 (Miss. Ct. App. 2017). This Court has never done what Lewis asks it to do—take judicial notice of a corporation's principal place of business for purposes of venue based on the principal address supplied to the Secretary of State. And the one venue case Lewis cites in support of his proposition actually cuts against his argument.[3]

¶18. In *Bob Milner Rentals, Inc. v. Moon*, 246 Miss. 326, 329-30, 149 So. 2d 473, 474 (1963), the plaintiff, Moon, made an argument similar to Lewis's. Moon filed her action in Hinds County against a Harrison County company based on a wreck that occurred in Harrison County. Moon said she did so because the defendant corporation never amended its corporate charter to change its domicile to the county where it was actually located. Consequently, the plaintiff claimed she was "misled" into filing suit in Hinds County. *Id.* This Court rejected Moon's argument because the defendant "corporation was never shown

---

[3] The Alabama Supreme Court has considered the exact same argument and reached the same result we do today. In *Ex parte Parasmani, Inc.*, 821 So. 2d 965, 968 (Ala. 2001), the Alabama court rejected the plaintiff's argument that venue should be based on the address the defendant corporation provided to the Alabama Secretary of State, which was the incorporator's residential address where no corporate business had ever been conducted. Instead, the Alabama court held that venue was controlled by where the defendant corporation's "only and principal place of business" was actually located.

to have done business in Hinds County, Mississippi; but was operated entirely in Harrison County, Mississippi." *Id.*

¶19.    The Court further noted the plaintiff had not been misled—the defendant had in fact recorded its amendment "in the Chancery Clerk's office in Harrison County, Mississippi, where the corporation is actually doing business," but Moon had failed to ask the Mississippi Secretary of State where the amendment had been recorded. *Id.*  Lewis points to this part of the Court's opinion to argue that "***Bob Milner*** stands for the proposition that a plaintiff may rely on filings with the Secretary of State to establish proper venue." But that is not what the Court held.  Instead, it is clear from the Court's opinion that, for venue purposes, the controlling question is "where the corporation is *actually* doing business." ***Bob Milner***, 149 So. 2d at 474 (emphasis added).  A corporation's official filings may be relevant to determining that location.  But corporate filings are not conclusive as to venue, especially in this case in which Weeks "was never shown to have done business in Hinds County, Mississippi; but was operated entirely in [Madison] County, Mississippi." *Id.*

### III.    Estoppel

¶20.    Alternatively, Lewis argues Weeks should be estopped from denying it is located in Hinds County because he relied on the Secretary of State's filing when choosing to file his action there.  But Lewis presents no credible evidence that he reasonably relied on the information Weeks's CPA provided to the Secretary of State when it came to the question of where his employer principally conducted its business. *See* ***Weir***, 287 So. 3d at 944 ("[I]f the 'plaintiff wishes to defeat a motion to transfer venue, it follows that he or she should be

8

prepared to present some *credible evidence* supporting his or her choice of forum.'" (quoting *Wilkerson v. Goss*, 113 So. 3d 544, 557 (Miss. 2013))). Instead, it is Weeks that provided credible evidence that Lewis knew his employer operated out of its Madison County location. That is where Lewis picked up and dropped off his employment paperwork. And he also previously represented to the Workers' Compensation Commission that his employer was located in Madison County. So estoppel does not apply.

**Conclusion**

¶21. The bottom line is that Lewis asks this Court to ignore "the actual physical location" of Weeks for purposes of venue.[4] But the actual physical location of Weeks—the place where it conducts its business—*is* its principal place of business. Therefore, the trial court

---

[4] Lewis goes so far as to argue Weeks will receive a "windfall" if venue is based on where it is actually doing business as opposed to where it *said* its principal address was. Presumably, Lewis means that Weeks will get to enjoy a more defendant-friendly venue than the one Lewis chose. But "[v]enue is a valuable right possessed by both plaintiff and defendant," *Forrest County General Hospital v. Conway*, 700 So. 2d 324, 326 (Miss. 1997), with the defendant's valuable right being "[t]he right to be sued in the county of the defendant's residence." *Crosby v. Robertson*, 243 Miss. 420, 426, 137 So. 2d 916, 918 (1962). Indisputably, Weeks resides—or rather is principally located—in Madison County.

Moreover, if venue could be established by where a corporate defendant *says* in its corporate filings that it is principally located, then the opposite of what Lewis suggests could also be true—a corporate defendant could escape venue in what it perceives to be a plaintiff-friendly county where it is actually located. It could do so by simply hiring a CPA in another county where no corporate business is otherwise conducted and listing the CPA's address with the Secretary of State as its principal address.

Instead of venue being dictated by statements made by corporations, we find the proper course is to follow the plain language of the statute and base venue on the corporation's "principal *place* of business." Miss. Code Ann. § 11-11-3(1)(a)(i) (emphasis added).

9

abused its discretion by denying Weeks's motion to transfer venue. We reverse that decision and remand with instructions to transfer this case to Madison County.

¶22. **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**